KUMMER *v.* CHRISTOPHER & T. S. R. Co.

(*Common Pleas of New York City and County, General Term.* June 6, 1892.)

1. OPINION EVIDENCE—MATTERS ASCERTAINABLE FROM INSPECTION.

A physician having testified in an action for personal injuries that one of plaintiff's legs, when he examined it 11 months before the trial, was an inch shorter than the other, should not be permitted to testify that its natural tendency would be to shorten between that time and the trial, as its condition at the trial could be ascertained from a re-examination.

2. INJURY TO PASSENGER—EVIDENCE—SILENCE AS TO CAUSE.

In an action for injuries alleged to have been sustained by reason of the wrongful acts of defendant's servants in throwing plaintiff from its car, it may be shown by witnesses who attended plaintiff immediately after the accident that he did not then claim that the driver of the car threw him from it.

Appeal from trial term.

Action by Charles Kummer against the Christopher & Tenth Street Railroad Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

*Merrill & Rogers,* for appellant. *Herbert T. Ketcham,* for respondent.

BOOKSTAVER, J. This action was brought to recover damages for personal injuries which plaintiff claimed were inflicted upon him through the wrongful act of defendant's servants, whereby he was thrown from the rear platform of a car, and sustained an injury to one of his legs. The only questions arising upon this appeal are as to the admission of evidence, and the most important relates to the admission of expert testimony. Dr. Du Floo was examined as a witness for plaintiff, and had testified that he had examined him physically in February, 1891, 11 months before the trial, and at that time the injured leg was one inch shorter than the other, and that he had not examined him after that time. He was then asked: "*Question.* Between the time of your first examination and the present time what would be the reasonable tendency of the leg, as to the injury, as to becoming longer or shorter? *Defendant's Counsel.* Do you mean to confine the question to the two periods? *Plaintiff's Counsel.* I mean to confine it to that. *Defendant's Counsel.* I have no objection to the doctor's stating facts; I think he can state the fact whether it was longer or shorter. I think that question calls for an opinion, and not a fact, and it is conjectural, uncertain, and too remote." The question was allowed, to which the defendant duly excepted. To this question the doctor answered: "The experience from away back of great surgeons is that injured legs shorten more, and not lengthen." The doctor was then asked: "As to the period. Suppose an examination; suppose the injury received on the 18th of August, 1889, an examination had in February of 1891. Between the time of that examination and January of 1892, what would be the reasonable tendency?" This was duly objected to by defendant's counsel, the objection was overruled, and exception taken, and the doctor answered: "The tendency would be to shorten; as I said before, a limb that is fractured, especially these fractures, shorten, and never lengthen." Apparently, the only purpose of this evidence was to show the condition of plaintiff's leg at the time of the trial, and to lead the jury to infer that it was shorter than when examined 11 months before. But this was a fact susceptible of observation, and capable, if true, of absolute proof by a witness having knowledge of the fact, by a re-examination, and there was no reason given why such a re-examination should not have been had. Under such a state of facts, opinion evidence, which, at best, is of inferior quality, and is only admitted from the necessity of a case, was not justified. As a general proposition, it may be stated that testimony must relate to facts of which the witness has knowledge; inferences or conclusions from the facts must be drawn by the jury. Expert testimony is an exception to this rule. The cases where it is allowed are limited and well defined. They all rest on the ground of necessity. And another general rule is that the best and highest evidence must always be given, and secondary evidence is only admissible after there has been a necessary failure of the best. In *Mayor, etc.,* v. *Pentz,* 24 Wend. 668, Senator VERPLANCK, at pages 673, 675, discusses the rule and the exceptions, and says: "The broad rule, to which the ancient law scarcely knew an exception, is that testimony can relate merely to facts, and that the inferences from them are to be made by the jury. In ordinary cases, the issues being strictly on the existence of facts capable of being proved or disproved by direct evidence, opinion as well as hearsay must be excluded. But this general rule has been broken in upon by the admission of various classes of exceptions, all resting on the common ground of necessity. Such necessity is allowed to exist when the facts in issue are not themselves accessible by

evidence, being either future probabilities or mere contingencies, or else actual facts, but not within positive knowledge; all of these must of necessity be judged of only from other proved facts known generally to accompany or to indicate those in question, when the facts to be ascertained are inferred from some rule of art or science, or observed law of nature thus proved. * * * There it is a matter of necessity to call in the experienced or instructed opinion of such witnesses. * * * Opinion is admitted when a jury is incompetent to infer, without the aid of greater skill than their own, as to the probable existence of the facts to be ascertained, or the likelihood of their recurring from the facts actually proved before them. Indeed, it would be more logically accurate to say that mere opinion, even of men professional or expert, is not admissible as such; but that facts having been proved, men skilled in such matters may be admitted to prove the existence of other more general facts or laws of nature, or the course of business, as the case may be, so as to enable the jury to form an inference for themselves." As a rule, witnesses must state facts, and not draw conclusions or give opinions. It is the duty of the jury or court to draw conclusions from the evidence, and form opinions upon the facts proved. The cases in which opinions of witnesses are allowable constitute exceptions to the general rule, and the exceptions are not to be extended or enlarged so as to include new cases, except as a necessity to prevent a failure of justice; and when better evidence cannot be had. *Teerpenning* v. *Insurance Co.*, 43 N. Y. 281. In *Ferguson* v. *Hubbell*, 97 N. Y. 507, EARL, J., reiterates the general rule and its exceptions, among which an effort to prove by means of opinion evidence a present fact susceptible of observation and demonstration is not one, and says, (at page 514:) "The rules admitting the opinions of experts should not be unnecessarily extended. Where witnesses testify to facts, they may be specifically contradicted, and if they testify falsely they are liable to punishment for perjury, but they may give false opinions without the fear of punishment. It is generally safer to take the judgments of unskilled jurors than the opinions of hired and generally biased experts." And in the same case, at page 513, the learned judge says: "The jurors may have less skill and experience than the witnesses, and yet have enough to draw their own conclusions, and do justice between the parties. Where the facts can be placed before a jury, and they are of such a nature that jurors generally are just as competent to form opinions in reference to them and draw inferences from them as witnesses, then there is no occasion to resort to expert or opinion evidence. To require the exclusion of such evidence, it is not needed that the jurors should be able to see the facts as they appear to eye witnesses, or be as capable to draw conclusions from them as some witnesses might be, but it is sufficient that the facts can be presented in such a manner that jurors of ordinary intelligence and experience in the affairs of life can appreciate them, can base intelligent judgments upon them, and comprehend them sufficiently for the ordinary administration of justice." As before shown, the exact fact in regard to whether the plaintiff's leg was actually shorter 11 months after the first examination could have easily been proved by an examination of the limb, and there was no excuse or room for substituting therefor the expert opinion of the witnesses.

We also think that the court erred in preventing the defendant's witnesses, who attended to the plaintiff immediately after the accident, from testifying that he did not claim that the driver of the car had thrown him from it. His silence in regard to that matter at the time of, or immediately following, the accident, was a pregnant fact to be considered by the jury. For these reasons we think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

BISCHOFF, J., concurs.    PRYOR, J., concurs in result.